# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-1342 |
| | : | |
| RUSSELL ARRINGTON, | : | |
|    Defendant. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                       **JULY 21, 2020**

      This matter comes before the Court by way of a Notice of Removal (ECF No. 2) filed by Defendant Russell Arrington, proceeding *pro se*, removing this action from the Court of Common Pleas for Delaware County, Pennsylvania. Also before the Court is Arrington's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion to Remand to State Court (ECF No. 6) filed by Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"). Because it appears that Arrington is unable to afford to pay the filing fee associated with removal, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Court will further grant Wells Fargo's Motion to Remand to State Court and remand this case for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS[1] AND PROCEDURAL HISTORY

      On or about March 9, 2020, Arrington filed a Notice of Removal with respect to an action originally filed in the Court of Common Pleas for Delaware County based on what he contends is an "unlawful ejection" from a residential property located at 428 Church Lane in Yeadon, Pennsylvania (hereinafter, "the Church Lane Property"). (ECF No. 2 at 3, 7-8.) Arrington

---

[1]   The factual allegations set forth in this Memorandum are taken from Arrington's Notice of Removal and all attached exhibits and documents attached thereto. (ECF No. 2.)

alleges that Wells Fargo "is not [the] Real Party in Interest[,]" claiming that the "[a]lleged debt [on the Church Lane Property] has been satisfied." (*Id.* at 3.) Arrington also claims that he "is the original Grantor/Trustor on the Deed of Trust/Mortgage for loan #: 05246177727" related to the Church Lane property. (*Id.* at 8.) Arrington alleges that this mortgage "note has been satisfied in full, and therefore, the account is *discharged* and *closed*[,]" based on his contention that he "sent certified funds in the amount of $140,000.00 to settle the financial obligation" to Wells Fargo on or about July 30, 2018. (*Id.* at 8, 12, 55) (emphasis in original). As relief, Arrington asks this Court to "Deny [the] Ejectment" and "dismiss [the] case[.]" (*Id.* at 3.)

In response to Arrington's Notice of Removal, Wells Fargo filed a Motion to Remand to State Court. (ECF No. 6.) In support of the Motion, Wells Fargo argues that it initiated this matter as an Ejectment Action by way of a Complaint filed on January 7, 2020 in the Court of Common Pleas for Delaware County. (ECF No. 6-1 at 1.) Wells Fargo also attached a copy of the Ejectment Action Complaint as Exhibit A in support of its Motion to Remand. (ECF No. 6-3 at 3.) The Ejectment Action Complaint, and the additional exhibits attached thereto, including the Sheriff's Deed, make clear that the Church Lane Property was sold to Wells Fargo by the Sheriff of Delaware County on approximately November 15, 2019 as a result of a foreclosure and judicial sale. (*Id.* at 6-3 at 3, 5-7.) Wells Fargo, as Plaintiff, argues that remand is required here because Arrington's "Notice of Removal fails on a number of grounds to set forth any legitimate grounds for removal to" this Court. (ECF No. 6-1 at 2.) Specifically, Wells Fargo asserts that Defendant has not presented a basis for the Court's subject matter jurisdiction under either federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332.

(*Id.* at 2-4.)  Wells Fargo also argues that Arrington is precluded from removing this action under 28 U.S.C. § 1441(b)(2), also known as the forum defendant rule.[2]  (*Id.* at 2-3.)

## II. STANDARD OF REVIEW

Because Arrington appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.  Where a case is removed from state court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded[;]" *see also Cook v. Wikler*, 320 F.3d 431, 437 (3d Cir. 2003) ("Once a party timely files a motion to remand, § 1447(c) authorizes a district court to enter a remand order . . . for a 'lack of subject matter jurisdiction.'").  Arrington, as the party removing this action to federal court, bears the burden of establishing federal jurisdiction.  *See Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013) ("[T]he party seeking removal, bears the burden of establishing that federal subject matter jurisdiction exists.") (citing *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009)); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## III. DISCUSSION

Remand is required here.[3]  "As a general matter, defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district

---

[2]  The forum defendant "rule provides that '[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"  *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018) (citing 28 U.S.C. § 1441(b)(2)).

[3]  To the extent Arrington asserts in the Notice of Removal that Wells Fargo, as Plaintiff, "is not [the] real party in interest[,]" (ECF No. 2 at 3), the Court rejects any potential argument that Wells Fargo, as the plaintiff in the underlying Ejectment Action, lacks a legal basis for seeking to

courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). Arrington asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Section 1332(a) provides for federal jurisdiction when parties are citizens of different states and the amount in controversy exceeds $75,000. However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). It is apparent from the Notice of Removal and the parties' filings that Arrington is a citizen of Pennsylvania. Indeed, Arrington affirmatively states in the Notice of Removal that his state of citizenship is Pennsylvania, and that he "is a permanent resident and domiciliary of the State of Pennsylvania." (ECF No. 2 at 3, 7.) Accordingly, as this ejectment action was originally filed in Court of Common Pleas for Delaware County Pennsylvania, and as Arrington is a citizen of Pennsylvania, remand is required here.[4]

---

remand the case. Wells Fargo is the Plaintiff in this case. Accordingly, it is appropriate for Wells Fargo to file for remand.

[4] To the extent Arrington's Notice of Removal can be construed as alleging that this Court may exercise federal question jurisdiction over this matter pursuant to § 1331, (ECF No. 2 at 7), the Third Circuit has made clear that an "ejectment action . . . is governed by state law, . . . does not present a federal question[,]" and therefore "belongs back in state court." *See Lott v. Duffy*, 579 F. App'x 87, 89-90 (3d Cir. 2014). Accordingly, there is no basis for the Court to exercise subject matter jurisdiction in this action, and remand is appropriate.

## IV.     CONCLUSION

For the reasons stated, Arrington's application for leave to proceed *in forma pauperis* will be granted, Wells Fargo's Motion for Remand will be granted, and this case will be remanded to the Court of Common Pleas for Delaware County.  An appropriate Order follows.

**BY THE COURT:**

   Gerald Austin McHugh
United States District Judge